UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACK RENEE SPIVEY,

    Plaintiff,

v.                                        CASE NO. 6:14-cv-1496-Orl-41MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Motion for Attorney Fees ("Motion") (Doc. 23). Plaintiff makes a timely request for an award of $3,326.61 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.*) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**.

The EAJA sets forth the following requirements for the award of fees:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition, the EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make the award unjust. In addition, the Motion provides that "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars." (Doc. 23 at 2.) Thus, an award of attorney's fees under the EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, the EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, the EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's attorney's rate was $190.06 per hour for work done in 2014 and 2015.  (Doc. 23.)  As this rate is higher than the statutory maximum, Plaintiff's attorney is seeking a cost of living adjustment.  Defendant does not object to the requested rate.  In light of the lack of opposition, the Court finds this hourly rate reasonable and the cost of living adjustment warranted.[2]  The Court also finds reasonable the amount of the requested fee, $3,326.61.

The parties agree that after the Court awards the EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government.  (*Id.*)  If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel.[3]  (*Id.*)

Accordingly, it is respectfully **RECOMMENDED**:

1. The Motion (**Doc. 23**) be **GRANTED**.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,326.61 for attorney's fees.

3. Payment of the fee be authorized to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

---

[2] Were this hourly rate contested, the Court's determination regarding the reasonableness of the rate might be different.

[3] Plaintiff states in the Motion that the United States may, in its discretion, accept Plaintiff's assignment of fees and pay fees if it is determined that Plaintiff does not owe a federal debt.  (Do. 23 at 3.)

**DONE AND ORDERED** at Jacksonville, Florida, on June 8, 2015.

                                            _____
                                            MONTE C. RICHARDSON
                                            UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record